Filed 4/8/16  P. v. Rowe CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW NATHANIEL ROWE,<br><br>    Defendant and Appellant. | F070432<br><br>(Fresno Super. Ct. No. F14908675)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Randall H. Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Gomes, Acting P.J., Franson, J., and Peña, J.

Appellant Matthew Nathaniel Rowe pled no contest to possession of a firearm by a felon (count 1/Pen. Code, § 29800, subd. (a)(1)) and admitted allegations that he had a prior conviction within the meaning of the three strikes law (§ 667 subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

After receiving information that Rowe was in possession of firearms, a Fresno Police Department Tactical Unit executed a search warrant at Rowe's apartment and detained him and roommate Hermelinda Gill as they exited the apartment. Officers found several swords and a round of ammunition in a tall gun safe. In the apartment's garage, they found a baggie containing methamphetamine. Hidden inside a wall in the apartment's garage, officers found a baggie containing methamphetamine and a brown bag containing 26 rounds of different caliber ammunition. The officers also found, in Rowe's cell phone, several pictures of him holding firearms. Gill told the officers that she was aware of the firearms, had complained to Rowe that he needed to get rid of them, and that she believed he took them to the home of Erica Prater, his ex-girlfriend.

Rowe was interviewed and admitted possessing the guns. He explained to the officers that he had Prater buy them for him under her name, because he was not able to buy them. Although Prater left the guns with Rowe when she left him, Rowe later returned the guns to her. Rowe claimed not to know that he could not possess ammunition and he denied ownership of the methamphetamine found in the garage.

On September 17, 2014, the district attorney filed a complaint charging Rowe with two counts of possession of a firearm by a felon (count 1 & 2/§ 29800, subd. (a)(1)), three counts of possession of ammunition by a felon (counts 3-5/§ 30305, subd. (a)(1)), and with having a prior conviction within the meaning of the three strikes law.

2

On October 1, 2014, Rowe entered his plea in this matter in exchange for a lid of 32 months and the dismissal of the remaining counts.

On October 29, 2014, the court denied Rowe's motion to dismiss his prior conviction and sentenced him to a 32-month term, the mitigated term of 16 months, doubled to 32 months because of Rowe's prior strike conviction.

Rowe's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Rowe has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.